**LAW OFFICES OF G. MARTIN MEYERS, P.C.**
JUSTIN A. MEYERS, ESQ. (*pro hac vice application forthcoming*)
justin@gmeyerslaw.com
G. MARTIN MEYERS, ESQ. (*pro hac vice application forthcoming*)
gmeyers@gmeyerslaw.com
35 West Main Street, Suite 106
Denville, New Jersey 07834
Tel: (973) 625-0838
Fax: (973) 625-5350

*Attorneys for Plaintiffs*

JOHN SAMUEL GIBSON (SBN 140647)
john.gibson@us.dlapiper.com
COLIN F. MCGRATH (SBN 351947)
colin.mcgrath@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel: 310.595.3039 | Fax: 310.595.3339

SCOTT B. MURRAY (SBN 362124)
scott.murray@us.dlapiper.com
TIA Q. NGUYEN (SBN 338778)
tia.nguyen@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel: (415) 836-2500 | Fax: (415) 836-2501

*Attorneys for Apple Inc. and Apple Payments Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JULIAN BARGO, LAMAR PRATER and REBECCA PRATT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

APPLE INC., APPLE PAYMENTS INC., GOOGLE LLC, and GOOGLE PAYMENT CORP.,

Defendants.

Case No. 3:26-cv-06859-JD

Honorable James Donato

**STIPULATION AND [PROPOSED ORDER] TO STAY PROCEEDINGS OR IN THE ALTERNATIVE TO EXTEND APPLE DEFENDANTS' DEADLINE TO RESPOND TO COMPLAINT; DECLARATION OF TIA Q. NGUYEN**

Plaintiffs Julian Bargo, Lamar Prater, and Rebecca Pratt ("Plaintiffs") and Defendants Apple Inc. and Apple Payments Inc. (collectively, "Apple") (together with Plaintiffs, the "Parties"), through their undersigned counsel, hereby stipulate and agree to the following, as supported by the concurrently-filed Declaration of Tia Q. Nguyen:

**WHEREAS**, on March 21, 2025, Plaintiffs filed a Class Action Complaint ("Complaint") against Apple in the United States District Court for the District of New Jersey (*see Bargo et al. v. Apple Inc. et al.*, Case No. 2:25-cv-02025-MEF-LDW, ECF No. 1 (D.N.J.));

**WHEREAS**, on September 29, 2025, Apple filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 ("Motion to Transfer") requesting that the case be transferred to the United States District Court for the District of Northern California, San Jose Division (*see Bargo et al. v. Apple Inc. et al.*, Case No. 2:25-cv-02025-MEF-LDW, ECF No. 37 (D.N.J.))

**WHEREAS**, on June 29, 2026, the Honorable Esther Salas, United States District Judge for the District of New Jersey, granted Apple's Motion to Transfer (*see Bargo et al. v. Apple Inc. et al.*, Case No. 2:25-cv-02025-MEF-LDW, ECF No. 44 (D.N.J.);

**WHEREAS**, following the transfer of this Action, the deadline for Apple to respond to the Complaint was July 29, 2026, pursuant to the United States District Court for the District of New Jersey's September 22, 2025 Order, which set Apple's responsive pleading deadline as 30 days after the resolution of Apple's Motion to Transfer (*see Bargo et al. v. Apple Inc. et al.*, Case No. 2:25-cv-02025-MEF-LDW, ECF No. 36 (D.N.J.));

**WHEREAS**, on July 24, 2026, the Parties filed a Stipulation and [Proposed Order] to Extend Time to Respond to the Complaint, in which the Parties stipulated that the July 29, 2026 deadline for Apple to respond to the Complaint shall be extended by thirty (30) days until August 28, 2026 (*see* ECF No. 62);

**WHEREAS**, on July 22, 2026, the Apple Defendants filed a Motion for Intradistrict Transfer requesting that this Action be transferred to the San Jose Division, where a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred (*see* ECF Nos. 55 & 59);

**WHEREAS**, the Motion for Intradistrict Transfer remains pending;

**WHEREAS**, on October 10, 2025, pursuant to 28 U.S.C. § 1292(b), Apple Inc. filed a petition for interlocutory appeal (the "Petition") of the Honorable Edward J. Davila's order denying, in part, its motion to dismiss in *In re: Apple Inc. App Store Simulated Casino-Stye Games Litig.* ("In re: Apple"), Case No. 5:21-md-2985 (N.D. Cal.) (*see In re: Apple*, Case No. 25-7917, Dkt. No. 1);

**WHEREAS**, on December 16, 2025, the United States Court of Appeals for the Ninth Circuit granted Apple's Petition (*see In re: Apple*, Case No. 25-7917, Dkt. No. 2) (the "Appeal");

**WHEREAS**, the Appeal presents a critically important question about the scope of Section 230 of the Communications Decency Act, 47 U.S.C. § 230 at issue in this case, and which ultimately may determine the resolution of this case in its entirety;

**WHEREAS**, the Parties mutually agree that proceeding with this action while the Appeal is pending would waste party and judicial resources that may be rendered unnecessary depending on the Ninth Circuit's decision as to the scope of Section 230 immunity;

**WHEREAS**, on July 27, 2026, the Parties, through their counsel, conferred and mutually agree that good cause exists to stay all aspects of this Action, except for the Apple Defendants' pending Motion for Intradistrict Transfer (*see* ECF Nos. 55 & 59);

**WHEREAS**, this stipulation is not made for the purpose of delay and will not cause prejudice to the respective Parties;

**NOW, THEREFORE**, subject to the Court's approval, Plaintiffs and the Apple Defendants hereby stipulate and agree as follows:

1. Except for the Apple Defendants' pending Motion for Intradistrict Transfer, all proceedings in this Action shall be stayed until the Ninth Circuit enters judgment in the Appeal and issues its formal mandate pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure;

2. If this Court does not order the stipulated stay, the Apple Defendants' deadline to file a responsive pleading to Plaintiffs' Complaint shall be sixty (60) days after entry of this Court's order on this Stipulation;

3. If this Court orders the stipulated stay, the Apple Defendants' deadline to file a responsive pleading to Plaintiffs' Complaint shall be sixty (60) days after the stay is lifted.

4. The Court's entry of this Order shall render ECF No. 62 moot.

**IT IS SO STIPULATED**.

Date: July 27, 2026

**LAW OFFICES OF G. MARTIN MEYERS, P.C.**

By: */s/ Justin A. Meyers*

Justin A. Meyers, Esq. (*pro hac vice application* forthcoming)
G. Martin Meyers, Esq. (*pro hac vice application* forthcoming)
*Attorneys for Plaintiffs*

**DLA PIPER LLP (US)**

By: */s/ John Samuel Gibson*

John Samuel Gibson
Scott B. Murray
Colin F. McGrath
Tia Q. Nguyen
*Attorneys for Defendants Apple Inc. and Apple Payments Inc.*

**GOOD CAUSE APPEARING,** pursuant to the foregoing Stipulation and Declaration, it is ordered that:

Except for the Apple Defendants' pending Motion for Intradistrict Transfer, all proceedings in this Action shall be stayed until the Ninth Circuit enters judgment in the Appeal and issues its formal mandate pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. The Apple Defendants' deadline to file a responsive pleading to Plaintiffs' Complaint shall be sixty (60) days after the stay is lifted.

[Or: The stipulated request for a stay of proceedings is denied. The Apple Defendants' deadline to file a responsive pleading to Plaintiffs' Complaint shall be sixty (60) days after entry of this Order**.**]

Date: ________________________

______________________________________
HON. JAMES DONATO
UNITED STATES DISTRICT JUDGE

**ATTORNEY ATTESTATION**

Pursuant to N.D. Cal. Civil L.R. 5-1(i)(3), I attest that the concurrence in the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

Dated: July 27, 2026

/s/ *Tia Nguyen*
TIA NGUYEN

**DECLARATION OF TIA Q. NGUYEN**

I, Tia Q. Nguyen, declare as follows:

1. I am an attorney with DLA Piper LLP (US), counsel of record for Defendants Apple Inc. and Apple Payments Inc. (collectively, "Apple") in this case brought by Plaintiffs Julian Bargo, Lamar Prater, and Rebecca Pratt ("Plaintiffs"). I have personal knowledge of the matters set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. On July 27, 2026, I conferred with Plaintiffs' counsel by telephone, and Apple and Plaintiffs (the "Parties") mutually agreed that except for the Apple Defendants' pending Motion for Intradistrict Transfer, all proceedings in this Action shall be stayed until the Ninth Circuit enters judgment in the Appeal and issues its formal mandate pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. The Parties also mutually agreed in the alternative that if this Court does not order the stipulated stay, the Apple Defendants' deadline to file a responsive pleading to Plaintiffs' Complaint shall be sixty (60) days from this Court's order on this Stipulation. In the event the Court orders the stipulated stay, the Parties agreed that the Apple Defendants' deadline to file a responsive pleading to Plaintiffs' Complaint shall be sixty (60) days from when the stay is lifted.

3. This is the fourth request for a change of time by the Apple Defendants in this action.

4. The Parties' requested relief will affect the Apple Defendants' deadline to respond to Plaintiffs' Complaint and the current case management deadlines set forth in ECF No. 58, but will not affect any other dates currently set by the Court.

5. This stipulation is not made for the purpose of delay and will not cause prejudice to the respective Parties.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on this 27th day of July at Seattle, Washington.

*/s/ Tia Q. Nguyen*
TIA Q. NGUYEN